EVELYN WENTWORTH MURRAY, complainant,

.        *v.*

J. E. MATHILDE LEWIS et al., executors, &c., defendants.

[Decided June 5th, 1923.]

1. The provisions of a writing, separate from a will and not attested as a will, cannot be incorporated into and as part of the will by reference, for the purpose of making a bequest not specified in the will.

2. A letter signed by the testator and referred to' in his will, is not admissible as extrinsic evidence to show the testator's meaning, intention or understanding different from the legal significance and effect of the will.

3. Executors take no beneficial interest in a bequest made to them in trust, where the object of the trust is incapable of ascertainment on the face of the will.

On bill, &c.

*Messrs. Collins & Corbin,* for the complainant.

*Mr. Stark B. Ferriss,* for the defendants.

FIELDER, V. C.

Gustav H. Gossler died February 24th, 1922, a resident of this state, leaving a will dated February 7th, 1912, which recites that he then resided in New York City. Its pertinent parts are quoted:

"*First.* After all my lawful debts are paid and discharged I give and bequeath

"*Second.* To my executrix and executors, who shall qualify, the sum of five thousand dollars.

"This legacy is not to be in lieu of any commissions they may be entitled to. A sealed letter or paper addressed to my executors will be found with this my will, expressing my wishes as to the said sum, but such letter or paper shall not form part of my will."

By the third clause, the testator devised and bequeathed all the residue and remainder of his estate to his children surviving him, equally share and share alike, the issue of a deceased child to take the parent's share.

By the fourth and last clause, the testator appointed his daughter, J. E. Mathilde Lewis, executrix, and his friend Adolph Pavenstedt, executor.

After the testator's death a large unsealed envelope was found containing two smaller sealed envelopes, in one of which was his will, and in the other was the following writing hereinafter called the sealed letter:

"To the Executors of my
   "Last Will and Testament
       "Referring to the bequest of five thousand dollars made to you in my will dated to-day, I request you to pay that amount over to Mrs. Evelyn Wentworth Murray, living near Somerville, New Jersey, as soon as this sum shall be realized out of my estate.

"Any inheritance tax which will have to be paid on the above amount of the bequest, has to be borne by my estate, as I wish that the whole bequest should be paid over to Mrs. Murray without deductions.

"New York, February 7th, 1912.

                     "GUSTAV H. GOSSLER."

The will was prepared on a stationer's form. The formal parts are printed and the body is wholly in the testator's handwriting. The sealed letter is entirely in his handwriting and is signed by him, but his signature is not witnessed. The will bears an attestation clause, showing that it was executed and witnessed in conformity with our act concerning wills, and it was duly admitted to probate and letters testamentary thereon were granted to the executors therein named. The sealed letter was not offered for probate as part of the will.

The complainant, Mrs. Murray, is the person named in the sealed letter. She claims the legacy, which the executors refuse to pay, and the bill is filed to have the will, in respect to said bequest, construed, and the executors, who are the defendants, decreed to pay the same to her.

The rule prevailing in England is stated in the leading case of *Allen* v. *Maddock, 11 Moo. P. C. C. 427,* to be that an unattested document may, by reference in a will, under certain conditions and limitations, become incorporated in the will as part of it. The courts of but few of our states have had occasion to consider the rule, but some of them have followed it. Thus, in *Newton* v. *Seamen's Friend Society, 130 Mass. 91,* the rule is adopted, and is stated as follows: "If a will, executed and witnessed as required by statute, incorporates in itself by reference any document or paper not so executed and witnessed, whether the paper referred to be in the form of a will or codicil, or of a deed or indenture, or of a mere list or memorandum, the paper so referred to, if it was in existence at the time of the execution of the will and is identified by clear and satisfactory proof, as the paper referred to therein, takes effect as part of the will and should be admitted to probate." This rule of incorporation by reference has been repudiated, however, in New York and Connecticut (*Booth* v. *Baptist Church, 126 N. Y. 215; Hatheway* v. *Smith, 79 Conn. 506*), and I do not find that it has been accepted in this state.

In *Hartwell* v. *Martin, 71 N. J. Eq. 157,* the testator by will ordered his executors to make a settlement with his creditors of debts outstanding at the time of an assignment made by him for the benefit of his creditors, as shown by a list to be found with his will. Vice-Chancellor Bergen held (at *p. 159*) such bequest to creditors to be void, "because it is an attempt to bequeath property to a class of persons who can only be ascertained by reference to a non-testamentary paper, which the testator might change from day to day and thus enlarge or diminish his testamentary gifts as often as he chose without observing the rules of law relating to the testamentary disposition of property. The effect, if it should be permitted, would be to allow a testator to declare the particular legatees to whom his estate should go without the formality required by law in such cases." By this declaration I understand the vice-chancellor to disapprove the rule.

In *Magnus* v. *Magnus, 80 N. J. Eq. 346,* Vice-Chancellor Stevens dealt with a will in which the testatrix made a bequest of personal property to her niece "to dispose of in accordance with my instructions to her." After the death of the testatrix a letter was found in her handwriting, addressed to the niece, in which instructions were given as to the disposition of certain articles of personal property. The vice-chancellor referred to English cases approving the doctrine of incorporation by reference, without expressing his opinion thereon, and he rejected the letter in question because it was not referred to in the will in terms sufficient to identify it. I do not regard this case as placing the approval of this court on such doctrine.

I cannot assent to the proposition that an unattested document making disposition of property can be incorporated in a will by reference thereto. Our statute (*Comp. Stat. 5867 § 24*) prescribes certain formalities which must be observed in every writing intended to take effect as a valid testamentary devise or bequest, and then it provides that all wills and testaments made in conformity with the statutory requirements, shall be sufficient to devise, pass and bequeath all estates and property, real and personal, and all rights of any kind. This statute defines our policy with respect to the manner in which a testamentary disposition of property may be made. A writing may express clearly the wish or intention of a decedent, but if the statutory formalities have not been followed, it is not a valid will, because it cannot be a question of what he intended to do, but whether he has actually followed the provisions of the statute. These provisions are reasonable and easily understood and their purpose is to prevent frauds. An honest attempt to execute a will is occasionally defeated by failure to follow the statute, but it is better that this should happen than that the provisions designed to protect testators generally from fraudulent alterations of testamentary bequests and devises, should be weakened. It seems to me obvious that to constitute a will expressing the testator's testamentary desire, the writing must denote or specify the subject and object of the testamentary gift intended, other-

wise no bequest is made, and that to permit reference to be made to a collateral unattested document, mentioned or described in the will, for the purpose of ascertaining what the testator intends to bequeath, or for whom the bequest is intended, is calculated to defeat the salutary purpose of the statute and to afford opportunity for fraudulent practices. In the instant case, the testator, in attempting to make a testamentary bequest, failed to comply with provisions of the statute mentioned, in that he did not incorporate the object of his gift in his duly-executed will, but chose instead to express his wish in a paper which is not, and which he expressly stated should not be, part of his will, and which he did not execute in conformity with the statutory formalities. I shall therefore hold that the sealed letter or paper cannot be incorporated in the will and that the attempted bequest to complainant is void.

It is argued on behalf of complainant that because it is apparent on the face of the will that the bequest of $5,000 to the executors is not intended for them, but for a purpose specified in a sealed letter, the bequest is ambiguous and that the sealed letter is admissible as extrinsic evidence to explain the ambiguity. But evidence of a testator's declarations, tending to show his meaning and intention or understanding different from the legal significance and effect of his will, has been uniformly rejected by the courts as incompetent. *Farnum* v. *Pennsylvania Co., 87 N. J. Eq. 108, 114; affirmed, 87 N. J. Eq. 652.*

The bequest having been made to the executors in trust, and the object of the trust being incapable of ascertainment on the face of the will, the executors take no beneficial interest therein. *Smith* v. *Smith, 54 N. J. Eq. 1; affirmed, 55 N. J. Eq. 821; Condit* v. *Reynolds, 66 N. J. Law 242.* The bequest lapses and falls into the residuary estate and passes under the residuary clause of the will. *Allen* v. *Moore, 86 N. J. Eq. 357; affirmed, 87 N. J. Eq. 365.*