(No. 19159.—

THE MODERN WOODMEN OF AMERICA *vs.* JAMES B. PARIDO *et al.*—(JAMES B. PARIDO, Plaintiff in Error, *vs.* CARL W. ERNEST, Admr., Defendant in Error.)

*Opinion filed June 19, 1929.*

THOMAS S. WELDON, for plaintiff in error.

M. A. BRENNAN, and W. W. WHITMORE, (STELLA E. WHITMORE, of counsel,) for defendant in error.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

The Modern Woodmen of America filed its bill of interpleader in the circuit court of McLean county against James B. Parido and Carl W. Ernest, administrator of the estate of Matilda Parido, deceased, for the determination of their conflicting claims to the sum owing upon a certain benefit certificate issued by the complainant. Each of the defendants filed an answer to the bill. Pursuant to an interlocutory decree the complainant deposited the money with the clerk of the court. Thereafter, upon a hearing, the court found that the defendant James B. Parido was entitled to the fund, and by its decree directed payment to be made to him, less the complainant's costs, and adjudged the costs against the other defendant. The administrator prosecuted an appeal to the Appellate Court for the Third District. That court reversed the decree and remanded the cause to the circuit court, with directions to enter a decree directing the payment of the fund to the administrator, with his costs. Upon the petition of James B. Parido this court awarded a writ of *certiorari,* and the cause is here for a further review.

The Modern Woodmen of America is a fraternal beneficiary society organized under the laws of this State. On May 6, 1919, it issued to David Parido, a resident of the

city of Bloomington, a benefit certificate in the sum of one thousand dollars, payable upon his death, while a member in good standing, to Matilda Parido, his wife, without interest. Payment was conditioned upon compliance with all the agreements contained in the application for membership, the certificate and the by-laws of the society then existing or thereafter adopted. On the evening of August 10, 1927, David Parido, member of the society, Matilda Parido, his wife and the beneficiary under his certificate, and Martha Parido, his mother, were riding in an automobile in or near the city of Bloomington when it was struck by an interurban railway car. Martha Parido was instantly killed. David Parido died about five minutes after the accident occurred. Matilda Parido died in an ambulance on the way to a hospital and survived her husband twenty-five or thirty minutes.

Section 51 of the by-laws of the society, to the extent that it is pertinent to the present case, provides: "If the death of a beneficiary of any member heretofore or hereafter adopted shall occur at the same time, or in a common disaster, or prior to the death of such member, * * * then the amount to be paid under the benefit certificate to said deceased * * * beneficiary or beneficiaries shall be payable to the surviving qualified beneficiary or beneficiaries, if any there be, share and share alike, or if no beneficiary survives him, then to the widow; if no widow, to his children, including his legally adopted children, and in case there are deceased child or children, the child or children of such shall take the share of such deceased parent; if no child, or child or children of a deceased child or children, to the mother; if no mother, to the father; if no father, to the brothers and sisters, share and share alike."

Proof of the death of the deceased member was filed with the beneficiary society. Claims for the amount of the fund designated in the member's certificate were made by Carl W. Ernest, the administrator of the estate of the de-

ceased beneficiary, and by James Parido, the father of the deceased member. The former claimed the fund because his intestate survived her husband, while the latter demanded it as the next of kin of his deceased son. Hence the question presented for determination is whether Matilda Parido, survivor of her husband for a very brief period, became vested with the title to the fund immediately upon his death, or whether, she and her husband having died as the result of the same accident, the father of the member, as his next of kin, became the qualified beneficiary by virtue of the provisions of the by-laws, regardless of the survivorship of the named beneficiary.

Fraternal beneficiary societies of the character of the Modern Woodmen of America are given certain powers and are subjected to certain limitations and restrictions by statute. (Cahill's Stat. 1927, pp. 1516-1521; Smith's Stat. 1927, pp. 1632-1638.) The first section of the Fraternal Beneficiary Societies act (Cahill's Stat. 1927, p. 1517; Smith's Stat. 1927, p. 1632;) provides, among other things, that "no beneficiary shall have or obtain any vested interest in the said death benefits until the same has become due and payable upon the death of the member." The general rule is, that upon the death of a member of a beneficiary society the interest of the person designated as beneficiary becomes vested. (*Martin* v. *Stubbings,* 126 Ill. 387; *Benton* v. *Brotherhood of Railroad Brakemen,* 146 id. 570; *Middeke* v. *Balder,* 198 id. 590; *Freund* v. *Freund,* 218 id. 189; *Columbian Circle* v. *Auslander,* 302 id. 603; *McLaughlin* v. *McLaughlin,* 104 Cal. 171; *Fisher* v. *Donovan,* 57 Neb. 361; 1 Bacon on Benefit Societies and Life Ins.— 2d ed.—sec. 255; Niblack on Benefit Societies and Accident Ins.—2d ed.—sec. 205; *Independent Order of Foresters* v. *Keliher,* 78 Am. St. Rep. (Ore.) 785; *Lake* v. *Minnesota Masonic Relief Ass'n,* 52 Am. St. Rep. (Minn.) 538, note 564; *Bankers' and Merchants' Mutual Benefit Ass'n* v. *Stapp,* 19 Am. St. Rep. (Tex.) 772, note 789.) Under

the statute, and even apart from statutory enactment, therefore, the death of the member matures the right of the beneficiary to the fund designated in the benefit certificate. If the beneficiary survives at that time there is no uncertainty to prevent the payment of the fund to him, or, in the event of his subsequent death, to his personal representative.

When two or more persons lose their lives in a common disaster and there is no proof of survivorship, certain presumptions with respect thereto, based on age, sex and condition of health, arise by the civil law. Under that law there is no presumption that they all died simultaneously. At common law, in such a case there is no presumption of survivorship. If survivorship is claimed it must be proved, and the party upon whom rests the burden of proving it will fail if he cannot establish it. In the absence of such a presumption the practical result of the rule at common law is that all the persons dying in a common disaster are treated as having died at the same instant of time and that no one of them takes from another by reason of the other's death. *Middeke* v. *Balder, supra; Wall* v. *Pfanschmidt*, 265 Ill. 180; *Willbor, Petitioner*, 20 R. I. 126.

In the instant case section 51 of the by-laws makes provision for a substituted beneficiary if the death of a beneficiary of any member "shall occur at the same time, or in a common disaster, or prior to the death of such member." The by-law provides a rule by which to determine the substituted beneficiary when the named beneficiary fails to qualify as such by reason of his death at or prior to the time of the member's death, or when proof concerning survivorship, both member and beneficiary having met death in a common disaster, is wanting. The fact that the phrase "in a common disaster" lacks the express qualification that the substitution shall only be made in the event survivorship is unascertainable does not deny the implications stated. The contract was not a special one, whereby the member intended to prefer his heirs or next of kin regardless of posi-

tive proof of the survivorship of the designated beneficiary. On the contrary, it was a contract in the society's usual form, which provided for the disposition of the benefit fund in case there was a disqualification of the beneficiary or uncertainty concerning his survivorship. When the provisions of the contract are considered in the light of the rule fixing the time of the vesting of the interest under a benefit certificate, it does not appear that it was intended to effect a substantive change in beneficiaries where death resulted from a common disaster, and proof may be adduced that the beneficiary survived the member for an appreciable period of time.

In *Middeke* v. *Balder, supra,* where the death of the member and the beneficiary occurred in a common disaster, the right to offer proof of the fact of survivorship was assumed. It was there held that in the absence of such proof by the heirs or representatives of the named beneficiary the benefits under the certificate would go to the heirs of the deceased member. Where proof of survivorship is available, it will, when made, control the vesting of the benefit fund. (*McGowin* v. *Menken,* 223 N. Y. 509; 5 A. L. R. Annotations, p. 798; *Fleming* v. *Grimes,* 45 A. L. R. (Miss.) 618; *Willbor, Petitioner, supra; Graybill* v. *Brown,* 194 Iowa, 290; 17 Corpus Juris, pp. 1180, 1181.) The law favors the vesting of testamentary interests at the earliest moment. The proof of the survivorship of the beneficiary named in the benefit certificate was not only made but was undisputed in this case, and there was no need to ascertain a substituted beneficiary.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*