This suit is brought to obtain the construction of the will of Mrs. Flora Curry Adams. She and her daughter, Dr. Flora Adams, were in an automobile accident in which they were fatally injured. They were taken to a hospital, where *Page 16 
testatrix died within an hour and the daughter about thirteen hours afterwards. Both of them were unconscious from the time of the accident until their respective deaths.
By the clause of the will which requires construction, the testatrix in the seventh clause provided as follows:
"All the rest, residue and remainder of my estate I give, devise and bequeath unto my beloved daughter, Dr. Flora Adams, absolutely, unto her, her heirs and assigns forever, but should my said daughter predecease or not survive me or should she and I perish in a common disaster, she leaving no issue her surviving, I give, devise and bequeath all of my residuary estate as follows:
"(a) all of my jewelry and personal chattels excepting cash and securities unto my dear friends, Edna Phillipps and Elizabeth Phillips, or the survivor of them, to be distributed by them according to a memorandum furnished by me."
By subsequent subdivisions of the seventh clause, testatrix gave and bequeathed certain specific legacies to personal friends and then distributed the remainder among various charities. The specific legacies to friends were later modified by a codicil which, however, has no effect on the principles involved in the construction of the will.
The daughter, Dr. Adams, herself had made a will containing a provision as to survivorship similar to that in the will of her mother, providing that in case the mother did not take the residuary estate it should be distributed in part at least among certain charities.
There are two questions involved in this suit. The first is as to whether the daughter took the residuary estate of the mother. The second question is as to the validity and effect of paragraph (a) of the seventh clause.
The complainant trust company is executor of both wills. As executor for the mother its sole duty is to see that the provisions of the will are carried out, while as executor of the estate of the daughter, it is a claimant of the residuary estate of the mother. It has accordingly and properly arranged for different counsel to represent the defendant interests. The various persons and charities who may take under the various interpretations of the will have been brought in as parties and several of them have submitted *Page 17 
memorandums to the court as have the counsel for the complainant in its divers capacities. The main question is as to whether within the meaning of the seventh clause of the will the mother and daughter perished in a common disaster. Since in fact the daughter did not die until several hours after the mother, the first two contingencies of the three enumerated in the seventh clause did not occur since the daughter did not "predecease" the mother and did "survive" the mother. Therefore, unless the daughter and the mother perished in a common disaster, the residuary estate passed to the daughter and therefore the alternative bequests set up in the seventh clause have no effect.
The briefs submitted by the various counsel, which show evidence of long and careful search among the authorities, unite in stating that they had been unable to find any judicial interpretation of the expression, "perish in a common disaster." There have, of course, been numerous cases in which it has become established that when two persons die by reason of the same disaster, in which shipwreck, train wreck and automobile accident are frequent examples, there is no presumption of survivorship by reason of age or sex, but that the question as to which of the two survive is a question of fact to be proven by the person claiming by reason thereof. All these cases seem to assume that there was a common disaster but the holdings in these cases are not determinative of the issue here.
The contentions in the instant suit are based upon construction of the language of the will, which in the one case would interpret the will as though it read "perish as a result of a common disaster," while the adverse group of interests would limit the expression so as to make it read substantially "perish exactly or almost exactly at the time and place of the accident."
The contentions of the executor of the daughter's estate and those claiming under the daughter's will are that the word "in" is to be strictly construed as to time and place, and that since neither the mother nor the daughter died immediately or at the scene of the accident, and that since *Page 18 
the daughter survived the mother by more than twelve hours, that their deaths were not in a common disaster.
On the other hand, those claiming under the alternative provisions of the residuary clause contend that the expression "in a common disaster" as used in ordinary language is broad enough to include deaths resulting from an accident although not simultaneous. They further contend that from the provisions of the will it was not the intent of testatrix that the daughter should take the residuary estate unless she could have the beneficial enjoyment of it and that it was also the intent of the testatrix that the residuary estate should be disposed of according to her own wishes unless the daughter should survive her so as to substantially benefit.
There seems to have been but one case in this jurisdiction which has anything but a remote bearing on the question before the court. This is the case of Cowley v. Knapp,42 N.J. Law 297. In that case the wife first made a will, leaving all her property to her husband. This will the court found was not revoked by a subsequent will which provided "in case of anything happening to us * * * I make Emma Knapp my sole heir." The husband and wife both died on a trip abroad, the husband surviving her for three days. The court held that the husband did not take under the first will but that the second will became effective as though the husband had died first. The court says (at p. 301), "undoubtedly, the first object of the testatrix' bounty was her husband, and she intended that he should have her estate, if he survived her long enough to enjoy it, but she could have had no motive for leaving it to vest in him at her death, if the sole effect of so doing were to have it transmitted to his heirs." And again (at p. 304), "she says, `in case of anything happening us.' Here, as has been remarked, she puts herself and her husband in the same category. She no more refers to her surviving him than she does to his surviving her. The question of survivorship was not in her thoughts at all. Her mind was upon the travels abroad, for which she and her husband were preparing, and her purpose was that if, in the course of those travels, death should overtake *Page 19 
them, then this will should be operative. This was the contingency which led her to speak of their death as a thing which might or might not happen; and it was very natural that, in view of it as a not improbable event, she should make the devise which this will contains. If it should come to pass, her husband would not have an opportunity of enjoying her estate under her earlier will, and there remained only her own kindred as objects of her affection and bounty. Having, then, this contingency to meet the expressions of the will, the arguments in favor of the motion that the testatrix contemplated only a lapse, are not strong enough to constrain the mind to adopt it."
It seems to me that the principles enunciated in Cowley v.Knapp apply in the instant suit. The mother, of course, wished her daughter to benefit by the residuary clause in her will, but there was no reason, if the daughter should not be able to enjoy the mother's estate, why the power of disposition of the residue should then be taken away from the mother and given to the daughter to dispose of not in accordance with the mother's wishes but in accordance with those of the daughter. I therefore find that it was not the intent of the testatrix to vest the residue in the daughter under the facts shown.
This reasoning finds further support in the language of the clause itself. It sets up three contingencies under any one of which the daughter was not to take. It says, "should my said daughter predecease," second, "or not survive me." This second phrase cannot mean anything else except the simultaneous deaths of both of them. The three contingencies would accordingly seem to provide for a possible third other than the prior or simultaneous death of the daughter, namely, in a common disaster with the mother. This would therefore include survival by the daughter of the mother provided they both met their deaths because of a common accident, since prior or simultaneous deaths had already been provided for.
I therefore construe the will to mean that under the terms thereof the mother and daughter did perish in a common *Page 20 
disaster and therefore the residuary of the estate did not pass to the daughter but under the alternative provisions of the seventh clause.
Since these alternative clauses have been determined to be effective, it becomes necessary to pass on the validity of paragraph (a) of the seventh clause. This paragraph provided that all the jewelry and personal chattels of the testatrix should go to two named friends, "to be distributed by them according to a memorandum furnished by me." Certain memoranda have been produced which, it is contended specify the distribution under this provision. It does not seem to be clearly established in this state that the doctrine of incorporation by reference is permitted. In any event, it does not appear to me that the documents produced are sufficiently identified so as to clearly show to me that in any of them are the memorandum referred to in the will. Two of the documents post-date the will and the one which antedates it contains some alterations. Under these circumstances they cannot be read as parts of the will. This attempted bequest is therefore void and falls into the residuary estate. Murray v. Lewis, 94 N.J. Eq. 681. *Page 21