FERGUSON, Judge.
This appeal is brought by petitioner, Ira S. Silver, as successor personal representative of the estate of Michele R. Anguilano, from an order of the probate court entered on a Petition To Determine Beneficiary of the estate of Frederick 0. Scheske.
Frederick Scheske, an attorney, and Michele Anguilano, old and close friends, were named beneficiaries in each other’s wills. On the night of May 17, 1982, Scheske and Anguilano were involved in an accident while riding in an automobile driven by Scheske. Scheske was pronounced dead at the scene at 10:00 p.m. Anguilano, who was unconscious and mortally wounded, was rushed to a hospital. He was pronounced dead the following morning. The deaths of the two men were two hours and twenty-two minutes apart.
The pertinent provisions of Scheske’s will filed with the probate court are as follows:
Fourth: I devise all my personal property, except as stated herein, to Michel R. Anguilano. If he should pre-decease me then I devise all my personal property to my sister Edna Mae Schroeder.
Jfc ⅜ ⅜ }£ ⅝ ⅜
Seventh: If any person dies with me in a common disaster, and is such person required to survive me in order to take property under this Will, then such property shall vest as if such person predeceased me.
*858 I hereby make, constitute and appoint Michel R. Anguilano, or William R. Alvin as alternate personal representative of this my last Will and Testament and no bond shall be required of the personal representative.
By a prior action brought in the General Jurisdiction Division of the circuit court the personal representative of the estate of Scheske sought a declaratory judgment that Scheske and Anguilano died simultaneously for the purpose of making a disposition of real property, also a subject of the will, held jointly with right of survivorship. The court found that Scheske predeceased Anguilano, the effect of which was to pass the jointly held property to Anguilano’s estate. We affirmed that judgment in Alvin v. Berry, 438 So.2d 898 (Fla.3d DCA 1983).
On February 6, 1984, the Probate Division of the circuit court conducted a hearing on a petition filed by the representative of the estate of Michele Anguilano to determine the beneficiary of personal property under Scheske’s will. The probate court ruled that Edna Mae Schroeder, sister of Scheske, was the proper beneficiary because Anguilano and Scheske died in a common disaster. That order is the subject of this appeal.
Appellant, the personal representative of the estate of Anguilano, contends that the trial court erred in determining that the bequest to Anguilano lapsed on the ground that Anguilano did not survive Scheske where it was uncontroverted that Scheske predeceased Anguilano. He also argues that the court has given paragraph seven of the will a construction inconsistent with the final declaratory judgment in Alvin v. Berry. Anguilano’s representative contends that the phrase “in a common disaster” found in paragraph seven of the will has no legal meaning or effect unless viewed in relation to a simultaneous death situation, consistent with section 732.601, Florida Statutes (1983).
Appellee, Edna Schroeder, as personal representative of the estate of Scheske, contends that the trial court correctly ruled that Scheske and Anguilano died in a common disaster because they perished as a result of injuries sustained in that disaster. She argues that Scheske clearly intended that the provisions of paragraph seven be construed so that Scheske could dispose of his estate according to his own wishes unless a named beneficiary survived a common disaster for a period of time sufficient to enable that beneficiary to enjoy the estate. Appellee therefore asserts that in order to carry out Scheske’s clear intent, the court must construe paragraph seven as if it were written, “if a person dies with me in a common disaster or as a result of injuries sustained in a common disaster ... ”, since the decedent intended paragraph seven to modify the provisions of the Simultaneous Death Law, section 732.601, Florida Statutes (1983).[1]
In his reply brief, appellant argues further that: (1) the phrase “dies in a common disaster” as used in paragraph seven is applicable where parties die at the same time or where the order of death cannot be ascertained; and (2) paragraph four provides only that Anguilano survive Scheske in order to take under his will, and not that Anguilano survive Scheske for any length of time sufficient to enjoy the benefits of the bequest.
Our affirmance, in Alvin v. Berry, of the trial court’s judgment that Scheske predeceased Anguilano for the purpose of determining entitlement to jointly owned real property does not foreclose a different disposition as to personal property owned solely by Scheske at the time of his death. *859 The earlier judgment held as to the jointly owned property: “by operation of law, Michele R. Anguilano, being the surviving joint tenant became the owner in fee simple of the above-referenced properties.” [e.s.] The trial court in the first action was not required to construe the common disaster clause. Indeed that clause could not operate to defeat the right of survivorship in a joint tenancy. See In re Estate of Barret, 137 So.2d 587 (Fla.1st DCA 1962) (one joint tenant cannot, by means of his will, defeat the cotenant’s right of survivorship of the whole estate).
The dispute centers around the interpretation of the phrase “in a common disaster.” Anguilano’s representative contends that the phrase has no application where the order of death, as between testator and beneficiary, can be determined. The trial court accepted the argument of Scheske’s representative that the phrase is broad enough to have application even where the order of death is ascertainable if, from a reading of the phrase in context, that was the testator’s intent.
Appellant relies on an Illinois appellate court decision, Modern Woodmen of America v. Parido, 253 Ill.App. 68 (1928), aff'd, 335 Ill. 239, 167 N.E. 52 (1929), for its construction of the term “common disaster.” In Parido, the insured under a certificate issued by a fraternal beneficiary society, and his wife (the beneficiary under the certificate), were fatally injured in the same accident. The beneficiary survived the insured by 25 or 30 minutes. The by-laws of the society provided: “If the death of a beneficiary of any member heretofore or hereafter adopted shall occur at the same time, or in a common disaster, or prior to the death of such member, ... then the amount to be paid under the benefit certificate to said deceased ... beneficiary or beneficiaries shall be payable to the surviving qualified beneficiary or beneficiaries, if any there be, ... or if no beneficiary survives him, then to the widow....” 253 Ill.App. at 70. The proof of the surviv-orship of the beneficiary/wife named in the certificate was undisputed. Claims for the amount of the funds designated in the certificate were made by the administrator of the estate of the wife and by the father of the deceased certificate holder. The issue, as phrased by the Illinois Supreme Court, was “whether Matilda Parido, survivor of her husband for a very brief period, became vested with the title to the fund immediately upon his death, or whether, she and her husband having died as the result of the same accident, the father of the member, as his next of kin, became the qualified beneficiary by virtue of the provisions of the by-laws, regardless of the sur-vivorship of the named beneficiary.” 167 N.E. at 53. [e.s.]
The Illinois appellate court held that a legal common disaster is defined as one “where different persons perish in the same or common disaster and there are no proofs to determine which, if either, survived the other, [so that] the law determines that they perished at the same time.” 253 Ill.App. at 74. “ ‘Dying at the same time’ or 'dying in a common disaster,’ are merely, in law, different statements of the same situation or result....” Id. The court rejected the father’s argument that “death in a common disaster” as used in the agreement, meant simply “death as a result of injuries sustained in a common disaster,” reasoning that adoption of that definition could lead to “utter confusion” in determining rights under a will. 253 Ill. App. at 71. The Illinois Supreme Court held instead that the provision “in a common disaster” controls only when proof of survivorship is lacking and the fact that the provision contained no qualifying language did not prevent the court from construing it as such. 167 N.E. at 54.
In a case which followed Parido, In re Davis’ Estate, 186 Misc. 955, 61 N.Y.S.2d 427 (Surr.Ct.1946), aff'd, 271 App.Div. 970, 69 N.Y.S.2d 327 (1947), appeal dismissed, 296 N.Y. 1053, 73 N.E.2d 916 (1947), it was held that the phrase “in a common disaster” has the same connotation in the construction of wills as it does in contract controversies. The will there provided: “If any beneficiary ... under this will, and I, should die in a common accident or disaster *860 or under such circumstances that it is doubtful which of us died first, then all the provisions of this will shall take effect in like manner as if such beneficiary ... had predeceased me.” 61 N.Y.S.2d at 428. The court agreed that the term applies only where the order of death cannot be determined.
Appellee relies mainly on Hackensack Trust Co. v. Hackensack Hospital Ass’n., 120 N.J.Eq. 14, 183 A. 723 (1936) for a different interpretation of the phrase “in a common disaster.” There a mother and daughter, fatally injured in an automobile accident, were taken to a hospital where the mother died within an hour and the daughter about thirteen hours later. The seventh clause of the mother’s will provided that the residuary estate be given to the daughter but should the daughter “predecease or not survive me or should she and I perish in a common disaster, she leaving no issue her surviving, I ... bequeath all of my residuary estate,” as divided into specific legacies, to personal friends and charities. The court held that the term “ ‘in a common disaster,’ as used in ordinary language, is broad enough to include deaths resulting from an accident although not simultaneous.” 183 A. at 725. [e.s.] Thus, the term was interpreted to encompass a situation where a beneficiary survives the testator by several hours, provided that both deaths resulted from a common accident.
Specific language in the will was relied upon for the conclusion that the third contingency “perish in a common disaster” must have a meaning separate from the prior two contingencies, i.e., (1) “should my said daughter predecease me”; or (2) “not survive me.” The “common disaster” clause was therefore interpreted as having application even though the order of death was known.
The Hackensack court found that it was not the intent of the mother to vest the residuary estate in the daughter where the daughter would not be able to enjoy and benefit from the estate. The court reasoned that if the daughter did not survive long enough to enjoy the mother’s estate, “there was no reason why the power of disposition ... should be taken away from the mother and given to the daughter to dispose of not in accordance with the mother’s wishes but in accordance with those of the daughter.” 183 A. at 725.
Applying that reasoning to the instant case, we find that as to those properties devised to Anguilano, the will provided that in the event Anguilano predeceased Scheske, the property would pass to Edna Mae Sehroeder, Scheske’s sister. In the second and fifth paragraphs of the will, Scheske designated his sister to receive certain real property and personal property, respectively. In the sixth paragraph, Scheske devised any fees from his law practice to his mother and father, but in the event they did not survive him, the fees would be paid to Mrs. Sehroeder. However, the beneficiaries of Anguilano, who would take the personal property in question if appellant’s position were adopted, are not mentioned in the will. If we were to permit them to obtain the property, we would be favoring a construction which indicates an “unjust intention” of Scheske. It is well established that “if two constructions are each fairly possible, one of which indicates an ... unjust intention and the other indicates a reasonable and fair intention, the courts will give preference to that construction which indicates a reasonable and fair intention.” 4 W. Bowe & D. Parker, Page on Wills, § 30.12, at 90 (rev.1961). See Darpino v. D’arpino, 73 N.J. Super. 262, 179 A.2d 527, 531 (1962); In re Villalonga’s Will, 6 N.Y.2d 477, 160 N.E.2d 850, 854, 190 N.Y.S.2d 372, 378 (1959).
We agree with Hackensack that the phrase “in a common disaster,” where other contextual language permits, is broad enough to include nonsimultaneous deaths resulting from one accident. When the instrument in question is considered in its entirety, we think the testator-attorney who drafted it intended the broader definition to apply. See Will of Sperling, 92 Misc.2d 446, 400 N.Y.S.2d 279, 281 (Surr. *861 Ct.1977) (where a will is drafted by an attorney, words used in the will are to be given the technical meaning they have acquired unless a different intent is evident from a reading of the entire instrument). The clause in paragraph seven, “and is such person required to survive me in order to take property under this Will,” must be given a meaning separate from “[i]f any person dies with me in a common disaster,” the boiler plate clause which precedes it. The trial court’s nontechnical interpretation of paragraph seven in its entirety is that because Anguilano died in a common disaster with Scheske, a contemplated event, and did not survive to take and enjoy the bequeathed property, the property passed to Seheske’s sister. Scheske, unlike the testator in In re Lindsley’s Will,[2] was not so concerned with the technical order of death but intended that his beneficiary, rather than his beneficiary’s survivors, enjoy his bequest. Paragraph seven contemplated, as did the pivotal provision in Hack-ensack, that in the event of a disaster which claimed the lives of both Scheske and Anguilano, Anguilano would be deemed to have died first unless his was a meaningful survival.
Arguing the unworkability of the Hack-ensack rule carried to an extreme, appellant presents the situation where the deaths of testator and beneficiary are from a common disaster but where the life of the beneficiary is prolonged in a coma-like state for months or years. The invitation to address the hypothetical case is declined with assurance that someday it shall be presented as a true controversy. We note, however, that a provision of the Uniform Probate Code (1983), section 2-601, not adopted in this state, addresses that situation:
Á devisee who does not survive the testator by 120 hours is treated as if he predeceased the testator, unless the will of decedent contains some language dealing explicitly with simultaneous deaths or deaths in a common disaster, or requiring that the devisee survive the testator or survive the testator for a stated period in order to take under the will. *864 thority to be renewable as the division may prescribe by rule, (emphasis supplied).
*861 Affirmed.

. Even in cases where the order of death cannot be determined the statutory presumption as to the order of death will not control if a disposition of property in a manner inconsistent therewith is provided for. Section 732.601, Florida Statutes (1983), the Simultaneous Death Law, provides:
(5) This law shall not apply in the case of wills ... in which provision has been made for distribution of property different from the provisions of this law.

. Appellant relies on In re Lindsley’s Will, 26 Fla.Supp. 168, 170 (Fla. Dade Cty.Ct.1964), where the husband’s will provided: "[i]n the event that my wife, Ruth R. Lindsley, shall die with me in a common accident or disaster, or under such circumstances as to make it impossible or difficult to determine which of us died first, I direct that my wife shall be presumed to have survived me_" [e.s.] After considering other provisions of the will the court determined that the bequest to Mrs. Lindsley lapsed because of (1) sufficient proof that Mr. Lindsley survived his wife, and (2) the testator’s intent to make a bequest to his wife only in the event that his estate would obtain the estate tax marital deduction.