ELMER WATT, PROSECUTOR, v. FRED J. WALLERIUS, RESPONDENT.

Submitted December 3, 1923—Decided March 12, 1924.

Proceedings for the violation of the Motor Vehicle act, chapter 208 (*Pamph. L.* 1921, *p.* 643), require, in all cases, whether initiated under section 26 or section 32, a complaint, in writing, charging the violation of one or more of the provisions of the act by the person to be prosecuted thereunder.

On *certiorari*, &c.

Before Justices TRENCHARD and CAMPBELL.

For the prosecutor, *Elmer W. Romine.*

For the respondent, *Isadore Rabinowitz* (*Rosenkrans & Rosenkrans,* of counsel).

The opinion of the court was delivered by

CAMPBELL, J. The respondent was convicted by a justice of the peace of a violation of the Motor Vehicle act (*Pamph. L.* 1921, *p.* 643), and was fined $50 and suffered the revocation of his driver's license.

Subsequently, the proceedings before the justice of the peace and the conviction were reviewed by Mr. Justice Parker under section 36 of the before-mentioned act, who, by his order of October 13th, 1923, set aside the conviction and ordered the return to respondent the amount of the fine paid, $50, and of the costs paid to the justice of the peace. This order was made upon the ground that no complaint in writing had been made against respondent of the violation of any of the provisions of the aforesaid act.

By this writ of *certiorari* the order of Mr. Justice Parker setting aside the conviction is brought up for review.

Five reasons are assigned by the prosecutor why the order under review should be set aside, but they may all be summed up in this one:

"Because section 31, paragraph 1, chapter 208 (*Pamph. L.* 1921), provides in cases, such as the one now before the court, that no written complaint need be made."

The respondent was arrested by prosecutor, a police officer, who witnessed the alleged violation, and taken, without warrant or other process, before the justice of the peace, who, upon the verbal oath of the officer, issued a warrant, charging respondent with the violation of section 16 of the act, and then proceeded to try the matter, found respondent guilty, and inflicted the penalty hereinbefore referred to.

The Motor Vehicle act is a penal statute and is therefore *quasi*-criminal in character. *State Board, &c.,* v. *McCloskey,* 87 *N. J. L.* 470, 476,

At common law, all proceedings of a criminal or *quasi*-criminal nature, except contempts, were required to be initiated by written complaints.

This is so concededly so and has always been so fixedly the practice in this state as not to be open to question nor require the citation of any authority for its support. And such would therefore be the requirement unless the contrary clearly appeared by specific legislative authority contained in the act in question. Such is not the case. On the contrary, it appears perfectly plain that the legislative intent and purpose was to require a written complaint in all cases of violation of the act.

Section 25 provides: "A complaint having been made in writing and duly verified * * * any magistrate * * * may * * * issue either a summons or a warrant directed to any constable * * * for the apprehension or arrest of the person so charged * * *."

Section 31 provides: "Any constable * * * is hereby authorized to arrest, without warrant, any person violating in the presence of such constable * * * any of the provisions of this act, and to bring the defendant before any magistrate of the county where such offense is committed. The person so offending shall be detained in the office of the magistrate until the officer making such arrest shall make oath or affirmation, which he shall do forthwith, declaring that the person under arrest has violated one or more of the provisions of the act * * *, whereupon said magistrate shall issue a warrant returnable forthwith, and the said magistrate shall proceed summarily to hear or postpone the case * * *."

It would be highly unreasonable to construe the latter section as meaning that the complaint need not be in writing. If this were subject to any doubt, that doubt is removed by an examination of section 28, providing an appeal to the Court of Common Pleas, to which court "it shall be the duty of the magistrate to send all papers * * *", and more particularly section 35, providing for a summary review by a justice of the Supreme Court, wherein it is provided that such justice may "order the said complaint, process, proceedings, evidence and record of conviction to be forthwith brought before him * * *."

Certainly, such provisions would be useless and, in fact meaningless, unless the clear legislative intention was to require all proceedings for the violation of the statute in question to be initiated by or based upon a complaint in writing charging the defendant with the violation of one or more of the provisions of the act.

The order under review is affirmed, with costs.