(No. 18724.—

THE AMERICAN TRUST AND SAFE DEPOSIT COMPANY, Appellant, *vs.* ALBERT CURTIS ECKHARDT *et al.* Appellees.

*Opinion filed June 23, 1928—Rehearing denied October 6, 1928.*

FRED A. KINZEL, for appellant.

CRAIG & CRAIG, (HARRY P. MUNNS, of counsel,) for appellee Albert Curtis Eckhardt.

HARRY I. HANNAH, guardian *ad litem,* for minor defendants.

Mr. JUSTICE DUNN delivered the opinion of the court:

Henry Petillon and his wife, Mary, executed the following joint will on May 18, 1923:

"We, Henry Petillon and Mary Petillon, of Chicago, Illinois, both being of sound and disposing mind and memory, do hereby make, publish and declare this to be our last will and testament, hereby revoking all previous wills by either of us made.

"Section No. 1. It is our will that all our just debts and funeral expenses be promptly paid out of the principal of our estates.

"Section No. 2. We give, devise and bequeath all the residue and remainder of our estates of whatever location or description, of which we, or either of us, die possessed, or over which we, or either of us, have power of disposition, or any interest whatsoever, including all diamonds and jewelry owned by either of us, and life insurance policies on either of our lives, each unto the other, meaning thereby that the survivor of us shall be the absolute owner of all that either of us possess.

"Section No. 3. In the event that our deaths should occur simultaneously, or approximately so, or in the same common accident

or calamity, or under any circumstances causing doubt as to which of us survived the other, then we hereby give, devise and bequeath our entire remaining estates unto the American Trust and Safe Deposit Company, an Illinois corporation, in trust, for the uses and purposes and with powers following, to-wit:

"Said trustee shall hold, manage, lease, care for and protect said trust estate and collect the income therefrom, and shall keep it invested in such manner as to it seems for the best interest of the estate, and is hereby authorized to invest it in first mortgages, or in first mortgage real estate bonds, including those offered and recommended by the American Bond and Mortgage Company. The entire net income from the estate shall be paid in quarterly installments to our adopted son, Albert Curtis Petillon, sometimes known as Albert Curtis Eckhardt, of Chicago, throughout his entire life. During his lifetime, the trustee may use such reasonable sums from the principal from time to time as it, in its sole discretion, may deem necessary for the support of himself and family. It is our desire and intention in making this provision that the principal be reduced only in times of emergency or necessity, and then only for necessary living expenses. Upon the death of Albert C. Petillon, the trust shall terminate and the principal, or so much of it as remains, shall be given to such child or children as he leaves him surviving, to be his, hers or theirs, absolutely.

"Section No. 4. We hereby nominate and appoint the American Trust and Safe Deposit Company, a corporation organized under Illinois laws, as executor of this our last will and testament, and also as trustee, under its provisions.

"Witness our hands and seals this 18th day of May, 1923.

HENRY PETILLON, (Seal.)
MARY PETILLON. (Seal.)"

Mary Petillon died October 10, 1926, at two o'clock A. M., aged about seventy-one years, and her husband died in the afternoon of the next day, aged about eighty-four years. He had been suffering a long time with cancer of the stomach and she had an embolism and gangrene of the leg. They were in the same room in their home in the city of Mattoon, in Coles county, and for several days before their death they were both desperately ill and only partially conscious. They had no child or descendant, but on January 23, 1902, had adopted Albert Curtis Eckhardt, a boy of the age of seven years, whose name was changed to Petillon. He was married and had two children, Betty Jane

and Albert Palmer, aged, respectively, five years and about eighteen months. Petitions were filed in the county court of Coles county for the admission of the document to probate as the will of Mary Petillon and of Henry Petillon, and on February 28, 1927, it was admitted to probate as the will of Mary, and letters testamentary were issued to the American Trust and Safe Deposit Company, the executor named in the will, but probate as the will of Henry was denied. The American Trust and Safe Deposit Company appealed to the circuit court from the judgment denying probate as the will of Henry, and the circuit court also denied probate, and the appellant has again appealed to this court.

The evidence showed a full compliance with the requirements of the act in regard to wills for the admission of the document to probate as the will of Henry Petillon. The appellee Albert Curtis Eckhardt insists that probate was properly refused, for the reason that the will was contingent and became inoperative after the death of Mary Petillon because the contingency on which it was to become effective did not occur. The will was the joint will of Henry and Mary Petillon. A joint will contained in a single instrument is the will of each of the makers, and at the death of one may be probated as his will and be again probated at the death of the other as the will of the latter. (*Peoria Humane Society* v. *McMurtrie*, 229 Ill. 519.) A joint will is one where the same instrument is made the will of two or more persons and is executed by them jointly, but such a will is not necessarily mutual. It is mutual where the provisions of the will are reciprocal, as is the case here. (*Frazier* v. *Patterson*, 243 Ill. 80.) The proceeding for the probate of wills is entirely statutory, and the kind and quantity of evidence, the character and number of witnesses and the facts to be proved are all specifically stated in section 2 of the act in regard to wills. (*Maxwell* v. *Jacob*, 326 Ill. 462.) A conditional or contingent will is one which is to take effect as a will only on the happening of a contingency named in it.

(*Tarver* v. *Tarver*, 9 Pet. 174; *Damon* v. *Damon*, 8 Allen, 192.) The intention to make a will conditional must clearly appear from the language of the will. Courts will not regard a will as conditional or contingent unless the intention of the testator to make it so clearly appears on the face of the will. (*Likefield* v. *Likefield*, 82 Ky. 589; *Kelleher* v. *Kernan*, 60 Md. 440; *Cody* v. *Conly*, 27 Gratt. 313; *Eaton* v. *Brown*, 193 U. S. 411.) It has been said that a will strictly mutual is in legal effect nothing but the individual will of that one of the testators who may die first. In *Matter of Diez*, 50 N. Y. 88, a will jointly executed by husband and wife reciprocally devising their property to the survivor was held to operate as the separate will of the one first dying, and it was said upon that event the whole purpose of the instrument was accomplished. In reference to that case, however, it was said in *Rastetter* v. *Hoenninger*, 214 N. Y. 66: "There is equal reason for holding that in case of a conjoint will of two persons by which the survivor is given a life estate, only, with remainder over to a third person, the instrument may successively be proved upon the death of each as his individual will."

In this case the will was something more than a reciprocal devise by the testators of their property to the survivor. The whole purpose of the instrument was not necessarily accomplished upon the event of the death of the one first dying, but provision was made, in view of the circumstances mentioned in the third section of the will, for something more than the devise of the property of the one dying to the survivor. The devise and bequest of the estates of both the testator and testatrix to the appellant "in the event that our deaths should occur simultaneously, or approximately so, or in the same common accident or calamity, or under any circumstances causing doubt as to which of us survived the other," related to the disposition of the property of the decedents, in view of the particular circumstances mentioned, different from that provided in the second section of

the will. This clause mentions four conditions, on the happening of any one of which the devise and trust shall take effect. In regard to the happening of one, only, of them can there be any question. The deaths did not occur simultaneously, or in a common accident or calamity, or under any circumstances causing doubt as to which survived. The other contingency—death approximately at the same time— is the one which requires our consideration. The word "simultaneously" may be taken in its strictest sense as meaning, at precisely the same instant. The word "approximately" is in its nature indefinite. It means "nearly," "about," "close to," but all of these words are elastic and do not indicate with certainty the length of time which ceases to be approximate. Whether the difference of a day and a half is to be considered near to or remote from the occurrence of an event must be determined from the circumstances attending the event. The terms are relative. The meaning of the word must be considered in connection with the object of the provision. "Approximately" certainly did not mean at the same instant, because it is distinguished from simultaneously, which does mean at the same instant. It did not mean necessarily on the same day. There can be no doubt about the object of the provision. The husband and wife were agreed that the survivor should have all the property of both without restriction. They were also agreed that upon the death of both of them the property should not go to their adopted son in unrestricted ownership, as it would by the Statute of Descent in the absence of a will, but that a trust should be created which would secure to him the income of the property during his life and to his children the principal after his death. The first purpose was provided for by section 2 of the will. The second purpose was inconsistent with this section, because, if an absolute devise in trust for the adopted son and his children were inserted in the will, it would limit the survivor's control and power of disposition of the property,

and because of the inconsistency one provision or the other would fail. The provisions of section 3 were inserted in the will to meet this condition. Instead of an absolute devise in trust the devise was made conditional upon the event that the deaths of the husband and wife should occur simultaneously, or approximately so, or in the same common accident or calamity, or under any circumstances causing doubt as to which survived the other. The effect of this provision was, that in any of the events supposed the trust would come into existence in accordance with the wish of the makers of the will, but if the events supposed did not so occur, the survivor, having full power to dispose of the property, could make his will providing for the trust in the same terms as are provided in section 3 of the will. Thus the final disposition of their property, after the death of both, would be such as they both desired and at the same time the survivor would have the control of the property during his lifetime, with the power to use it for his own benefit, or to make such final disposition of it for the benefit of the adopted son and his children, or otherwise, as he saw fit. This was the only purpose which the testator and testatrix could have had in mind in the making of this provision, and in view of this purpose the death of the survivor the next day after that of his wife was approximately at the same time as that of his wife, within the meaning of the will. Section 3 therefore became operative to control the ultimate disposition of their property, and the circuit court erred in refusing to admit the will to probate.

The judgment is reversed and the cause is remanded to the circuit court, with directions to admit the will to probate.

*Reversed and remanded, with directions.*