(No. 21059.

Dorothea Zierau *vs.* Frederick Zierau *et al.* Appellees.—(The Corn Belt Bank of Bloomington, Appellant.)

*Opinion filed December 17, 1931—Rehearing denied Feb. 3, 1932.*

Pratt, Heffernan & Ramseyer, and Costigan & Wollrab, for appellant.

H. M. Murray, Stern & Tuohy, and Mannhardt & VonHelmolt, (Curry J. Martin, of counsel,) for appellees.

Mr. Justice Orr delivered the opinion of the court:

The only question involved in this case is whether the seventh paragraph of the last will of Frederick Zierau should be construed as conferring upon Dorothea Zierau, the testator's widow, a general power of appointment en-

abling her to divest the fee granted in the second and third paragraphs of the will. The second, third and seventh paragraphs of the will are as follows:

"2. All the half of my real estate after the dead of my wife, said Dorothea Zierau, shall be sold, and the net proceeds of same shall be send in cash to the county court (Amts. gericht) at Osterberg, in the kingdom of Prussia, Germany, and divided by said county in equal parts to my uncle, Frederick Zierau at Heiligenfeld; also first cousins and children of Mrs. Burt Buest (now deceased) at Heiligenfeld.

"3. The other half of my real estate shall go after the dead of my said wife in equal parts to W. A. Fischbeck, my wife's brother; and Caroline Ebers, the wife of William Ebers, which is the sister of my wife, and after the dead of Caroline Ebers, it shall go to her children.

"7. My beloved wife shall have the right and power to make any changes and alterations of this my last will and testament after my dead (before hers—she sees fit)."

Zierau died January 12, 1899, and his will was probated and admitted to record in the probate court of McLean county. The will made no direct provision for his wife, Dorothea, the first paragraph devising his half-interest in a lot to Robert Gallo, the fifth giving his wife's mother $300 and the sixth appointing his wife's brother executor. Paragraph 4 was omitted, and the will otherwise appears to have been unskillfully drawn. On February 19, 1901, Dorothea Zierau executed what she called a "renunciation and election," which was filed for record in the probate court. In the last paragraph of this instrument, by virtue of the power alleged to be vested in her under the terms of the will, she elected to change and alter the will by taking all of the property owned by Zierau as her individual property in fee simple. Subsequently, on June 2, 1919, she executed and filed another instrument in the form of an affidavit, which she denominated as "notice of change made

in will," by which she declared "that paragraphs 2 and 3 are hereby revoked and made null and void and a new paragraph enacted in place of both, as follows: 'That all the remainder, rest and residue of my estate, either real or personal, shall become the property of Dorothea Zierau, the wife of the testator, with the right and power to dispose of the same as she may see fit, either by deed, will or other conveyance.' "

On October 4, 1929, Mrs. Zierau filed her bill to construe the will of Frederick Zierau, deceased, wherein she set out a part of the will (the two instruments above referred to) and averred that the true construction of paragraph 7 created in her a power of appointment, during her lifetime, to appoint the title in the real estate in whomsoever she might see fit, and that said two instruments were sufficient in that regard to vest the fee simple title in all of the real estate in her. The several defendants named in the bill answered, denying that a power of appointment was created by the will. They also filed a cross-bill, averring that the seventh paragraph is void as an attempt to delegate the full testamentary discretion and power of the testator to another, contrary to statute, and an attempt to delegate to another the right and power of revocation after the death of the testator, contrary to the statute. A supplemental bill was filed by Mrs. Zierau averring that on February 18, 1930, in the exercise of the power given her by the will, she had executed a further instrument in writing conveying to the Corn Belt Bank of Bloomington, trustee, for her use, all of the real estate in fee. She died testate while the cause was pending, and the Corn Belt Bank, as executor, etc., was substituted as complainant after filing an original bill in the nature of a supplemental bill asking for substantially the same relief. After issue was joined the cause was heard by the chancellor and a decree entered holding paragraph 7 of the will void, setting aside the various instruments executed by Mrs. Zierau as clouds upon the

title to the real estate described and granting other relief. From that decree this appeal was taken.

The intention of the testator as expressed in the will is controlling and will be given effect provided it is not contrary to established law or public policy. (*McCreery* v. *Burwood,* 332 Ill. 645; *Gruner* v. *Rice,* 333 id. 112.) But the seventh paragraph of the will of Frederick Zierau indicates an attempt on the part of the testator, after previously devising his lands, to delegate to another the power to make another or different disposition of his estate. Such an attempt is in contravention of our statute on wills. (Smith's Stat. 1931, chap. 148, sec. 1.) The right to make a testamentary disposition of one's property is purely statutory, and no authority is conferred by which a testator can legally delegate this right to another. The power to change or alter any or all the provisions of a will is the power to revoke. A testator cannot delegate the power of revoking his will to someone else to execute at his option after the testator's death. (Schouler on Wills,—6th ed.— sec. 589, p. 670.) While living, the testator could not have revoked or changed his will in the manner followed by his widow in her three different attempts, as our statute (Smith's Stat. 1931, chap. 148, sec. 19,) provides that no will, testament or codicil shall be revoked otherwise than by burning, canceling, tearing or obliterating the same by the testator himself, or in his presence by his direction and consent, or by some other will, etc.

The appellees were clearly devised a fee under paragraphs 2 and 3 of the will. This fee could not be cut down or defeated by the purported power of appointment in the seventh paragraph, as the execution of such a power was repugnant to the prior devises and amounted to complete revocation. *Silva* v. *Hopkinson,* 158 Ill. 386; *Wolfer* v. *Hemmer,* 144 id. 554; *Sweet* v. *Arnold,* 322 id. 597.

The decree of the circuit court in holding paragraph 7 of the will void was correct and is affirmed.

*Decree affirmed.*