Beulah Ratcliffe WHITE et al., Appellants,

v.

James O. TAYLOR, Independent Executor, et al., Appellees.

No. 15635.

Court of Civil Appeals of Texas.

Fort Worth.

June 24, 1955.

Rehearing Denied July 15, 1955.

Bryce Swartfager, Santa Rosa, Cal., Coy U. Spawn, Jr., and Kelley & Ryan and C. O. Ryan, Houston, for appellant.

Benjamin L. Bird, Fort Worth, for appellee Executors, James O. Taylor and W. B. Todd.

Crowley, Wright, Miller & Garrett, Fort Worth, for appellees May Taylor Todd et vir, W. B. Todd (individually) and James O. Taylor (individually).

Tilley, Hyder & Law and Thos. H. Law, Fort Worth, for appellees Lonnie French Walker et vir, W. B. Todd, Jr., and minors Lucy Mildred Taylor, Evelyn May Taylor and Anna Mary Borglum.

RENFRO, Justice.

Suit was brought in the district court by the executors of the wills of Edna Ratcliffe Taylor and Nearle Taylor Follett, mother and daughter, for a construction of the wills.

The question before this court is whether the estate of the daughter passed to the mother or whether it passed to certain contingent beneficiaries named in the daughter's will. The trial court held that Mrs. Follett's property passed to the contingent beneficiaries named in her will, and appeal was taken by some of those persons who would take under Mrs. Taylor's will.

Paragraph four of Mrs. Follett's will read as follows: "In the event that I die before the death of my mother, Mrs. Edna Ratcliffe Taylor, the balance of all of my property of every kind and character, both real and personal, of which I die possessed, remaining after the payment of my just debts, I hereby give and bequeath to my mother, Mrs Edna Ratcliffe Taylor, without limitation of any kind."

Paragraph five provided: "In the event that my mother, Mrs Edna Ratcliffe Taylor, dies before I die, or we die simultaneously, or we die under circumstances making it difficult to determine which of us died first, I make the following disposition of my property: * * *."

On March 30, 1954, Mrs. Taylor and Mrs. Follett were victims of an automobile

accident. Mrs. Follett was pronounced dead upon arrival at a hospital at 3:45 P. M. Mrs. Taylor died at 4:56 P. M. She never regained consciousness from time of injury to time of death.

The trial court found that Mrs. Taylor and Mrs. Follett died simultaneously within the meaning of the fifth section of Mrs. Follett's will.

It is the position of appellants that paragraph four of Mrs. Follett's will is clear, unambiguous and applicable to the undisputed facts, since the testatrix did die before the death of her mother, and that the testatrix and her mother did not die "simultaneously" within the meaning of paragraph five.

The beneficiaries named in Mrs. Taylor's will who are appellants herein are not mentioned in Mrs. Follett's will. Beneficiaries named in Mrs. Follett's will, appellees herein, are a lifelong friend, two nieces and a nephew. The relationship between Mrs. Follett and those named in her will had always been unusually close. She was a widow with no children of her own. It is fair to say from the record she lavished her affection on her mother, her closest friend, the nieces and nephew.

If Mrs. Follett used the word "simultaneously" in its strict sense in paragraph five, then her mother, although unconscious from the same accident and living not more than seventy-one minutes thereafter, acquired the entire estate of Mrs. Follett, and appellants acquired all of Mrs. Follett's estate through Mrs. Taylor's will.

We find no authority in point. Supporting, to some extent, the contention of the appellants are Rogers v. Mosier, 121 Okl. 213, 245 P. 36; American Trust & Safe Deposit Co. v. Eckhardt, 331 Ill. 261, 162 N. E. 843; and Shippee v. Shippee, 122 N.J. Eq. 570, 195 A. 728. The cases of Hackensack Trust Co. v. Hackensack Hospital Association, 120 N.J.Eq. 14, 183 A. 723, and Cowley v. Knapp, 42 N.J.L. 297, lend some support to appellees' position. Because of the different fact situations and the questions involved in the above cases, we can consider them as persuasive only.

The word "simultaneously" used in a strict sense means at precisely the same instant; but when used in a broader sense it means not at the same instant but at substantially the same time. 80 C.J.S., p. 1306.

■ In construing a will all of its provisions must be looked to for the purpose of ascertaining the real intention of the testator and if this can be ascertained from the language of the instrument, then any particular paragraph, which if considered alone might indicate a contrary intent, must yield to the intention manifested by the whole instrument. Darragh v. Barmore, Tex.Com.App., 242 S.W. 714; McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412; Mc-Dow v. Lund, Tex.Civ.App., 250 S.W.2d 247, writ refused; Blocker v. Davis, Tex. Civ.App., 241 S.W.2d 698, writ refused, n.r.e.

■ The cardinal rule of construction of wills always is that the intent of the testator will control and the courts should never adopt any rule of construction which has the effect of destroying the manifest intention of the testator. Lockett v. Wood, Tex.Civ.App., 84 S.W.2d 798.

■ In order to discover the meaning attached by the testator to the words used and to apply them to the particular facts in the case, the law admits extrinsic evidence as to the situation in which the testator was placed, the state of his family, his property, and other circumstances relating to himself individually and to his affairs. Federal Land Bank of Houston v. Little, 130 Tex. 173, 107 S.W.2d 374, 375; Cleveland v. Cleveland, 89 Tex. 445, 35 S.W. 145.

■ If two constructions are each fairly possible, one of which indicates an absurd or unjust intention, and the other indicates a reasonable and fair intention, the courts will give preference to that construction which indicates a reasonable and fair inten-

tion. Page on Wills, Lifetime Ed., Vol. 2, p. 839, sec. 924.

It is obvious that appellees were the natural objects of Mrs. Follett's bounty. This is clear from the terms of the will itself and also from the circumstances surrounding her at the time of the execution of the will. The major portion of the disposing part of the will details the planned disposition of her estate to appellees. The appellants are not mentioned in her will and are strangers thereto. The whole plan and scheme of her will was to give her estate to appellees in the event her mother did not survive her. To hold that she used the word "simultaneously" in a strict and narrow sense, thereby, in effect, passing her property to people she did not even mention in her will, would, in our opinion, result in an unjust disposition of her property. It was natural for her to want her mother to have her property if she survived and could enjoy it, but it would be unjust to say she intended for her mother to have her estate if the sole effect of so doing were to have it transmitted to persons not even mentioned in testatrix' will. A reasonable construction of the entire will leads to the conclusion that it was her intent in using the word "simultaneously" that appellees have her estate if she and her mother died at substantially the same time.

It is a matter of common knowledge that multiple deaths often occur as a result of one automobile accident. The testatrix probably had this possibility in mind. If it occurred, however, it might be years from the date of the will. Actually, the tragic accident did occur seven years after the execution of the will. The will was executed July 3, 1947. It seems reasonable that Mrs. Follett, when writing her will, had in mind the possibility of just such an unfortunate occurrence as did happen. In looking years into the future she could well regard two deaths, occurring within one hour and eleven minutes of each other and resulting from the same accident, as being simultaneous. Considering the possibility that the two deaths might result from the same accident many years in the future, it seems reasonable that she would regard the two deaths within seventy-one minutes as occurring simultaneously.

It is evident she used the word "simultaneously" in lieu of, but in the same sense as, common disaster or common accident, and we think it a reasonable interpretation, in the light of the entire will, to so construe it. We must construe the disputed word in the light the testatrix intended and not necessarily as it would be interpreted by an overly meticulous purist in the use of words.

It is our conclusion that Mrs. Follett used the word "simultaneously" in the sense of "substantially at the same time." In that sense the two died simultaneously within the meaning of paragraph five.

To hold otherwise would thwart the manifest intention of Mrs. Follett as expressed in her will.

The judgment of the trial court is affirmed.