BEULAH RATCLIFF WHITE ET AL V. JAMES O. TAYLOR, INDEPENDENT EXECUTOR ET AL.

No. A-5470. Decided January 25, 1956.
Rehearing overruled March 7, 1956.
(286 S.W. 2d Series 925)

*Kelley & Ryan, Coy W. Spawn, Jr.,* all of Houston, and *Bryce Swartfager,* of Santa Rose Calif., for petitioners.

The Court of Civil Appeals erred in holding that Mrs. Nearle Taylor Follett and her mother Edna Ratcliffe Taylor, died simultaneously within the meaning of section five of the will of Mrs. Follett, when the undisputed evidence shows that Mrs. Follet predeceased Mrs. Taylor by at least one hour and eleven minutes. Rogers v. Mosier, Okla. 245 Pac. 36; American Trust & Safety Deposit Co. v. Eckhardt, 331 Ill. 261, 162 N.E. 843; Shippee v. Shippee, 122 N. J. Eq., 570,`195 Art. 728.

*Tilley, Hyder & Law,* and *Thos H. Law,* of Fort Worth, for respondents.

Cited Cloyes v. Middlebury Elec. Co., 80 Vt. 109, 60 Atl. 1039; Westinghouse House Mach. Co. v. C. & G. Cooper Co., 245 Fed. 463; E. J. Manville Mach. Co. v. Excelsior Needle Co., 167 Fed. 538.

MR. JUSTICE SMITH delivered the opinion of the Court.

This suit, as originally filed in the trial court, involved the construction of the wills of Mrs. Edna Ratcliffe Taylor and Nearle Taylor Follett. The judgment of the trial court, construing the will of Mrs. Taylor, was accepted by all parties and, therefore, is not involved here. We are concerned only with the will executed by Mrs. Follet. A jury having been waived, all matters in controversy, as well of fact as of law, were submitted to the court for determination.

Mrs. Follet and her mother, Mrs. Taylor, were in an automobile accident in which they were fatally injured. The controlling evidence consisted of a stipulation of facts and the will of Mrs. Follet. The facts, as stipulated, were as follows:

On March 30, 1954, at about 3:00 P.M., Edna E. Taylor and Nearle Taylor Follett were guest-passengers in the automobile of Lester Brenizer en route from Fort Worth to Wimberley; at about 3:00 P.M. on said day said automobile, then proceeding southward several miles south of Hico, Hamilton County, Texas, collided with an automobile proceeding northward. Edna E. Taylor and Nearle Taylor Follett were injured in this collision; both were taken by ambulances to the Hico City Hospital at Hico, Texas; Edna E. Taylor arrived at such hospital at 3:30 P.M., alive but unconscious, and died at 4:56 P.M. Nearle Taylor Follett was pronounced dead upon arrival at such hospital at 3:45 P.M. So far as is known, Edna E. Taylor never regained consciousness after the collision.

The Fourth and Fifth clauses of the will read as follows:

"Fourth. In the event that I die before the death of my mother, Mrs. Edna Ratcliffe Taylor, the balance of all my property of every kind and character, both real and personal, of which I die possessed, remaining after the payment of my just debts, I hereby give and bequeath to my mother, Mrs. Edna Ratcliffe Taylor, without limitation of any kind.

"Fifth. In the event that my mother, Mrs. Edna Ratcliffe Taylor, dies before I die, or we die simultaneously, or we die die under circumstances making it difficult to determine which of us died first, * * *."

The trial court held that "within the meaning of Section Fifth of the will, Mrs. Nearle Taylor Follett and her mother, Mrs. Edna Ratcliffe Taylor, died simultaneously; therefore, Section Fourth of said will is of no force and effect and the estate of Mrs. Follett passed as specified in Section Fifth of her will." Judgment was rendered accordingly. The Court of Civil Appeals has affirmed. 281 S.W. 2d 237.

The question for this court to determine is: Do the facts show that the mother and daughter died simultaneously, or under circumstances making it difficult to determine which died first within the meaning of the will? The absolute gift and bequest of all the property of every kind and character to the mother, as provided in Section Fourth of the will, must be given effect, and the conditional devise to the contingent beneficiaries must necessarily fail unless we hold that the mother and daughter died simultaneously, or under such circumstances making it difficult to determine which died first. The devise to the con-

tingent beneficiaries—respondents—was conditioned upon the happening of either of the events mentioned in Section Fifth of the will.

Respondents contend that both contingencies occurred. The Court of Civil Appeals, in reaching the conclusion that the mother and daughter died simultaneously, defined the word "simultaneously" as meaning not at the same instant, but at substantially the same time. The Court then proceeded to hold that it was the intention of the testatrix that her estate should go to the contingent beneficaries in the event she and her mother should die at substantially the same time. The Court further held that the testatrix used the word "simultaneously" in lieu of, but in the same sense as common disaster or common accident.

We find no evidence in the record which would in the least indicate that any of the events named in Section Fifth of the will occurred. The evidence that Mrs. Follett was pronounced dead at 3:45 P.M., and that Mrs. Taylor died at 4:56 P.M. shows conclusively that the mother survived the daughter and that they did not die simultaneously. The intention of the testatrix must be ascertained from the words she used in the will. In 2 Schouler on Wills, Executors and Administrators (6th Ed.) 984, Par. 865, the rule of construction is stated as follows: "Words in general, whether technical or popular are to be taken in their plain and usual sense, unless a clear intention to use them in another sense can be collected and that sense ascertained besides. All other things being equal the natural and literal import of words and phrases is presumed to have been intended; and each word is to have its effect, if the general intent be not thwarted thereby * * *."

The petitioners and respondents have been unable to cite a case in this jurisdiction which involves the construction of a will wherein the word "simultaneously" was used alone as it was in Section Fifth of the will under consideration. The parties cite cases from other jurisdictions involving wills which contained the words "simultaneously," "or approximately so," or some similar phrase. However, there is no case cited which involves the word "simultaneously" standing alone.

The joint will involved in the case of American Trust & Safe Deposit Co., v. Eckhardt, 331 Ill. 261, N.E. 843, containing the clause, "* * * in the event that our death should occur simultaneously, or approximately so, or in the same common

accident or calamity, or under any circumstances causing doubt as to which of us survived the other· * ·* *," the wife died at 2 o'clock A.M., and the husband died during the afternoon of the next day. The Supreme Court of Illinois rejected the contention that the two died simultaneously. The Court said:

"* * * This clause mentions four conditions on the happening of any one of which the devise and trust shall take effect. In regard to the happening of one only of them can there be any question. The deaths did not occur simultaneously or in a common accident or calamity, or under any circumstances causing doubt as to which survived. The other contingency—death approximately at the same time—is the one which requires our consideration. The word 'simultaneously' may be taken in its strictest sense as meaning at precisely the same instant. The word 'approximately' is in its nature indefinite. It means 'nearly,' 'about,' 'close to,' but all of these words are elastic and do not indicate with certainty the length of time which ceases to be approximate. Whether the difference of a day and a half is to be considered near to or remote from the occurrence of an event must be determined from the circumstances attending the event. The terms are relative. The meaning of the word must be considered in connection with the object of the provision. 'Approximately' certainly did not mean at the same instant, because it is distinguished from simultaneously, which does mean at the same instant. * * *"

The Court concluded that the death of the survivor the next day after that of his wife was approximately at the same time as that of his wife, within the meaning of the will.

The cases in other jurisdictions which involved the construction of the Uniform Simultaneous Death Act or sections of the Probate Code wherein the word "simultaneously" alone was used, uniformly hold that if there is any evidence of probative force that either party survived the other, even when the deaths occur at approximately the same time, the statute is inapplicable and the question of survivorship requires no higher degree of proof than any other fact. See Thomas v. Anderson, 96 Cal. App., 2d 371, 215 Pac. 478, 482, 20 A.L.R. 237; Re Cruson, 189 Ore. 537, 221 Pac. 2d 892, 20 A.L.R. 2d 919; Sauers v. Stolz, 1950, 121 Colo. 456, 218 Pac. 2d 741, 742; 16 Am. Jur. 32, Sec. 39, et seq.; 25 C.J.S., Death, Sec. 12, p. 1071.

The case of Sauers v. Stolz, supra, involved the construction of Section 1 of the Uniform Simultaneous Death Act. That Section uses the word, "simultaneously," alone. The Court held:

"There being direct evidence that Mr. Doyle survived his wife, there was no occasion for the trial court's resorting to the statutory presumption that Mr. and Mrs. Doyle died simultaneously."

In the case of Thomas v. Anderson, supra, the court expressly overruled the claim that the provisions of the Code would be met if the deaths occurred at approximately the same time. In that case both men died between the hours of nine and ten o'clock in the evening of Sebptember 2, 1947. The section of the Probate Code under consideration reads as follows: "Where there is no sufficient evidence that two joint tenants have died otherwise than simultaneously the property so held shall be distributed one-half as if one had survived. * * *" After reviewing the evidence the Court held, "We conclude that there was sufficient evidence to support the court's finding that there was an interval of time between the deaths of Mr. Thomas and Mr. Sturgeon and that they did not die 'simultaneously' within the meaning of Section 296.2 of the Probate Code."

The question in our case is not what testatrix should have meant to do or what words did she mean to use, but what is the reasonable meaning of the words which she actually used? We are chiefly concerned with the meaning of the word "simultaneously" as used in the will. The testatrix did not elect to include in her will the phrase "at substantially the same time" or the phrase "approximately so." She did not use the phrase "common accident or common disaster." We cannot indulge in presumptions or conjectures as to what the textatrix meant by the use of the word "simultaneously" in view of the positive provision of Section Fourth of the will. Regardless of whether persons actually die at the same instant or not, it is clear to us from a reading of the will that the testatrix used the word in that sense. If the word is assigned that meaning all of the provisions of the will are harmonized. If we give the word the meaning as contended by respondents, there is then a conflict between the provisions of Section Fourth and Fifth of the will.

We find no case and have been cited to none which would lead us to conclude that the principles of law announced in the cases above discussed should not control our decision in the present case. The respondents cite the case of Hackensack Trust Company v. Hackensack Hospital Association, 120 N.J. Eq. 14, 123 Atl. 723, as being in point. We do not believe the case supports the respondents' position. At least it is not con-

troling. The clause of the will requiring construction was as follows:

"All the rest, residue and remainder of my estate I give, devise and bequeath unto my beloved daughter, Dr. Flora Adams ,absolutely, unto her, her heirs and assigns forever, but should my said daughter predecease or not survive me or should she and I perish in a common disaster, she leaving no issue her surviving, I give, devise and bequeath all of my residuary estate as follows * * * :"

The evidence in that case showed that the mother and daughter died as a result of injuries sustained in an automobile accident but the mother (the testatrix) died instantly and the daughter was taken to a hospital where she died 13 hours later than her mother. It was contended by the beneficaries who would take under the daughter's will that the daughter had not perished "in" a common disaster, while their adversaries contended that the will should be interpreted as though the phrase read "perish as a result of a common disaster." The Court upheld the latter contention which resulted in a judgment that the residuary of the estate did not pass to the daughter although the daughter survived the mother by several hours. The Court, after so holding, said:

"This reasoning finds further support in the language of the clause itself. If set up three contingencies under any one of which the daughter was not to take. It says, 'should my said daughter predecease,' second, 'or not survive me.' This second phrase cannot mean anything else except the simultaneous deaths of both of them. The three contingencies would accordingly seem to provide for a possible third other than the prior or simultaneous death of the daughter, namely, in a common disaster with the mother. This would therefore include survival by the daughter of the mother provided they both met their deaths because of a common accident, since prior or simultaneous deaths had already been provided for."

The judgments of the trial court and the Court of Civil Appeals are reversed and judgment rendered for the petitioners.

Opinion delivered January 25, 1956.

MR. JUSTICE CULVER, Dissenting.

I agree with the disposition made of this case by the Court of Civil Appeals (281 S.W. 2d 237) and for the reasons therein assigned.

The testatrix in the fifth clause of her will, expressed three conditions and in the event of the happening of any one her property would pass to the respondents. The testimony showed that both women were fatally injured as a result of the automobile collision and the mother never regaining consciousness, died one hour and eleven minutes after the testatrix. The only question we have then is: Did the two women die simultaneously, or in short how should the word "simultaneously" be defined?

Surely the testatrix in writing her will must have had in mind the probability of the very thing that happened, because only as a result of some similar occurrence could it be within the realm of the possible that the death of mother and daughter would occur so close together in point of time that neither would have had the opportunity to have made any changes they might desire in the disposition of their property after the death of the other. It was the very event of death in a common disaster that the testatrix sought to make provision for.

Of course the definition of the word usually given is that of two events occurring at the same time. To say, however, that death can occur to two people as the result of an automobile collision at exactly the same instant of time is literally an impossibility. Two automobiles may be simultaneously approaching a given point because each at a given instant are engaged in a continuing act, but it could hardly be said that both could arrive simultaneously at the given point at exactly the same instant of time.

Therefore, if we define the word "simultaneously" as used by the testatrix as meaning at exactly the same instant of time, then it has no meaning because it states an impossible condition and we, therefore, must construe the fifth clause as setting forth only two conditions instead of three.

I think the word should have some elasticity in order to carry out the intention of the testatrix and thus we should accord to it the meaning of approximately at the same time.

I recognize the fact that to give the word "simultaneously" a spread of an hour would draw the argument that this would

render the meaning indefinite and that the line of distinction must be drawn somewhere. Yet wills have been drawn where the provision is if the persons "died simultaneously or approximately so." The word "approximately" is certainly indefinite and yet the courts have had no difficulty in construing the meaning of that condition. Zierau v. Zierau, 347 Ill. 82, 179 N.E. 432; Am. Trust & Safety Deposit Co. v. Eckhardt, 331 Ill. 261, 162 N.E. 843. I think the word should be defined so that we would not hold that the testatrix provided expressly for an occurrence which could not possibly happen.

I would affirm the judgments of the trial court and the Court of Civil Appeals.

Opinion delivered January 25, 1956.

Rehearing overruled March 7, 1956.