**Lewis H. LINDSEY**

v.

**Sim GAMBLE et al.**

No. 7166.

Court of Civil Appeals of Texas.

Amarillo.

June 25, 1962.

Rehearing Denied Sept. 4, 1962.

R. D. Oswalt, Vernon, for appellant.

Storey, Sheridan & Hightower, Vernon, for appellees.

DENTON, Chief Justice.

This is an appeal from a judgment of the district court of Foard County refusing to admit to probate an instrument offered as the will of Lizzie Lindsey. On November 22, 1955 C. C. Lindsey and wife, Lizzie Lindsey executed a joint and reciprocal will bequeathing to the survivor their entire estate, and appointing the survivor independent executor or executrix, as the case may be. The will also contained a contingent clause, a major portion of which reads as follows:

"3. In the event that our deaths should occur simultaneously, or approximately so, or in the same common accident or calamity, or under circumstances causing a reasonable doubt as to which of us survived the other, then and in that event we will and direct that all of our just debts, including funeral expense, be paid by our executor hereinafter named and appointed, as soon as may conveniently be done after our deaths without the unneccessary sacrifice of any properties of our estate, and after the payment of our just debts and funeral expenses, we will, give, devise and bequeath unto Lewis H. Lindsey, to whom we refer as our foster son, all of the balance and residue of our estate, real, personal and mixed, wheresoever situated and howsoever acquired, to have and to hold the same in fee simple title."

C. C. Lindsey died on January 11, 1961. The will was admitted to probate by the said Lizzie Lindsey who qualified as independent executrix. On March 24, 1961 Mrs. Lindsey died in a hospital where she had been taken "a few days" prior to her death. The same joint will which had been previously admitted to probate as the last will of C. C. Lindsey was filed as the last will of Lizzie Lindsey on April 12, 1961. The county court denied the will to probate when it was offered as the will of Mrs. Lindsey, and upon appeal the district court granted the contestants', appellees' herein, motion for summary judgment. It is undisputed the appellees are the surviving legal heirs of Lizzie Lindsey.

Although the basic question to be decided is whether or not any of the contingent events set out in Paragraph 3 of the will occurred so as to make the instrument the will of Lizzie Lindsey, appellant's

first point of error deals with a procedural matter. The appellant contends the trial court's judgment is null and void because it was not entered when the court was in regular session. Article 199, Section 46, Vernon's Ann.Civ.St. established the 46th District Court which includes Wilbarger, Hardeman and Foard Counties. This statute provides for three regular two-week terms in Foard County. The hearing on appellees' motion for summary judgment was heard on July 31, 1961 and the judgment was entered August 14, 1961. Although this hearing was not held within one of the regular two-week terms provided for Foard County in Art. 199-46, Article 1919 V.A.C.S. was amended in 1955 and became effective January 1, 1956. As amended, this article provides "* * * Notwithstanding the provisions of any law, the terms of all district courts in the State, civil and criminal, shall be continuous and shall begin on the day now or hereafter fixed by law and shall continue until the day fixed by law for the beginning of the next succeeding term." The clear, unambiguous language of this statute leaves no room for doubt as to its meaning. The district court of Foard County, along with all other district courts in the State, now has continuous terms. The trial court's action was therefore proper. Appellant's first point of error is accordingly overruled.

Appellant's remaining five points of error in effect complain of the trial court's action in granting appellees' motion for summary judgment, and refusing to admit the instrument to probate as the last will of Lizzie Lindsey. Appellant was the contingent beneficiary. The devise to appellant was conditioned upon the happening of any one of the four events mentioned in Paragraph 3 of the will. In our opinion the happening of only one of these events can be questioned. The deaths of C. C. and Lizzie Lindsey did not occur simultaneously. Their deaths took place 72 days apart. Our Supreme Court, in White v. Taylor, 155 Tex. 392, 286 S.W.2d 925, held two deaths 71 minutes apart were not simultaneous.

Neither can it be said the deaths of C. C. and Lizzie Lindsey were caused in a common accident or calamity or under circumstances causing reasonable doubt as to which survived the other.

■ The contingency—approximately so—is the only one which requires our serious consideration. No Texas case has been cited and we have found none which has construed the meaning of this contingency as used in a will. However, an identical conditional clause was interpreted by the Supreme Court of Illinois in American Trust & Safe Deposit Co. v. Eckhardt, 331 Ill. 261, 162 N.E. 843. There the court held the word "approximate" is in its nature indefinite and meant "nearly," "about," and "close to." In that case the husband and wife died some 36 hours apart. There the court concluded their deaths occurred at approximately the same time within the meaning of the will. After defining the term "approximately" the court used the following language: "Whether the difference of a day and a half is to be considered near to or remote from the occurrence of an event must be determined from the circumstances attending the event. The terms are relative. The meaning of the word must be considered in connection with the object of the provision." We agree with the reasoning and conclusion reached by the court in the Eckhardt case, but we are convinced that under the facts and circumstances of this case the deaths of C. C. and Lizzie Lindsey cannot be said to have occurred at approximately the same time within the meaning of the will. See also In re Searl's Estate, 29 Wash.2d 230, 186 P.2d 913, 173 A.L.R. 1247. We therefore conclude that in as much as none of the conditional events occurred, Lewis H. Lindsey cannot be the recipient of the Lindsey estate under Paragraph 3 of the joint will under consideration.

Appellant also complains of the trial court's refusal to admit into evidence an instrument purporting to be a statement of Lizzie Lindsey. Her oral statement was

reduced to writing at her request by Rev. Joe A. Walker. Although the statement was undated, Rev. Walker's affidavit stated it was written on January 23, 1961 which was subsequent to the death of C. C. Lindsey. The statement read as follows:

"Lewis will you do what you promissed me that you would do. Please give E. M. Gamble my part of the George Gamble Estate; Sidney Mackey $500.00; Willie Giles $500.00; James J. Y. Lindsey $500.00; Thalia Methodist *Parsonage* $500.00; Thalia Cemetary $250.00 (only $10 per year.); Waco Methodist Home—$200.00 in memorial of Carrel & Lizzie Lindsey; A beautiful monument (double), if I have not already bought one, for Carrel & myself.

(Signed) Mrs. C. C. LINDSEY"

Appellant concedes the statement in itself is not a testamentary instrument; but contends it is evidence of her intention as to the meaning of her joint will, and that it is her recognition of the joint will as her last will and testament. We are unable to agree with this contention. The statement simply directs or requests Lewis, whom it is presumed to be Lewis H. Lindsey, the appellant, to make certain dispositions of her estate. The instrument itself makes no bequests. Although a cardinal rule of construction of wills is that the intent of the testator will control, this intent must be ascertained, if possible, from the meaning of the words in the will itself. Hunt v. White, 24 Tex. 643; Jackson v. Templin (Com.App.), 66 S.W.2d 666, 92 A.L.R. 873. Even though Mrs. Lindsey may have been under the impression the contingent clause of the joint will would become effective on her death, we must interpret the instrument from the language she and her husband actually used in the will. Its language is clear and unambiguous. It is apparent Mrs. Lindsey had an opportunity to execute a will after her husband's death. We are therefore of the opinion the statement offered was immaterial and would serve no purpose in this case.

In view of our holding the contingent clause of the will did not become effective, it necessarily follows that Lizzie Lindsey made no disposition of her estate, and that she died intestate. There being no material fact issues to be determined, the trial court did not err in granting appellees' motion for summary judgment. The judgment of the trial court is affirmed.