# NOS. 12-13-00160-CV
# 12-13-00161-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *ELAINE STEPHENS, INDEPENDENT EXECUTRIX OF THE ESTATE OF VENCIE BEARD, DECEASED, AND INDEPENDENT EXECUTRIX OF THE ESTATE OF MELBA BEARD, DECEASED, APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *BRANDON SCOTT BEARD, BRIAN JAKE GILMORE, PHILIP CHASE JOHNSON, MEGAN JOHNSON, JEREMY HOPKINS, LINDSEY BEARD, PAMELA JOHNSON, ROLAND SCOTT BEARD, JANET LEA HOPKINS, INDIVIDUALLY AND AS TRUSTEE FOR MATTHEW C. HOPKINS AND BEVERLY KAY GILMORE, APPELLEES* | § | *HOUSTON COUNTY, TEXAS* |

## *OPINION*

Elaine Stephens, independent executrix of the estate of Vencie Beard and of the estate of Melba Beard, appeals from declaratory judgments construing Vencie Beard's will and Melba Beard's will. In two issues, Stephens asserts that the trial court erred in determining that Vencie and his wife, Melba, died in a common disaster and that the Simultaneous Death Act applies to this case. We affirm.

BACKGROUND

Vencie Beard shot and killed his wife, Melba, on April 16, 2011. The death certificate states that the time of her death was 8:59 p.m. Vencie died that same night at 10:55 p.m. from a self-inflicted gunshot wound.

Paragraph 2.02 of each of the decedents' wills provided for specific cash bequests to nine named individuals if both Vencie and Melba died in a common disaster or under circumstances making it impossible to determine which died first. Paragraph 2.03 of each will provided that if the spouse did not survive the testator by ninety days, Janet Lea Hopkins would receive a portion of a tract of land. Paragraph 2.04 of each will provided that if the spouse did not survive the testator by ninety days, Matthew C. Hopkins would receive the remaining portion of that tract of land. In paragraph 2.05 of each will, Vencie and Melba gave "the rest and residue" of their estates to their respective spouses. That paragraph further provided that if the spouse did not survive the testator by ninety days, Beverly Kaye Gilmore and Janet Lea Hopkins would receive the residuary estate.

Stephens sought a declaration as to whether Vencie and Melba died in a common disaster or under circumstances making it impossible to determine which of them died first. She also wanted a determination of the amounts of the cash bequests the nine individuals were to receive under the wills. She named as defendants the beneficiaries under the wills, Brandon Scott Beard, Brian Jake Gilmore, Philip Chase Johnson, Megan Johnson, Jeremy Hopkins, Lindsey Beard, Pamela Johnson, Roland Scott Beard, Janet Lea Hopkins, individually and as trustee for Matthew C. Hopkins, and Beverly Kaye Gilmore.

The court determined that Vencie and Melba died in a common disaster and that, based on the language in their wills, they intended to incorporate the statutory presumption of the Simultaneous Death Act. Therefore, the court determined that paragraph 2.02 should apply to the distribution of each estate. Further, the court declared that "the beneficiaries are to be awarded the amount provided from each estate, to the extent the resources of the estate permit."

## COMMON DISASTER

In her first issue, Stephens argues that, because there is evidence of who died first, Melba and Vencie did not die in a common disaster or under circumstances making it impossible to determine who died first. Therefore, she argues, the trial court erred in concluding that they died

in a common disaster and the cash bequests provided for in paragraph 2.02 of each will were not effective.

## Applicable Law

An executrix of a decedent's estate may have a declaration of rights in respect to the estate to determine questions of construction of the will. TEX. CIV. PRAC. & REM. CODE ANN. § 37.005(3) (West 2008). When reviewing the trial court's legal conclusions, we evaluate them independently and thus review the legal conclusions drawn from the facts solely to determine their correctness. *Ashcraft v. Lookadoo*, 952 S.W.2d 907, 910 (Tex. App.–Dallas 1997, pet. denied) (en banc).

## Analysis

Paragraph 2.02 provided for cash bequests to certain defendants if both Vencie and Melba died in a common disaster or under circumstances making it impossible to determine which died first. The evidence shows that Vencie and Melba did not die at the same time and it is possible to determine that Melba died first. Stephens asserts the trial court's conclusion of law that the Beards died in a common disaster was erroneous.

The term "common disaster" has been defined to mean "[a]n event that causes two or more persons with related property interests . . . to die at very nearly the same time, with no way of determining who died first." BLACK'S LAW DICTIONARY 292 (8th ed. 2007). Ordinarily, cases discussing common disasters involve accidents or natural disasters. *See White v. Taylor*, 286 S.W.2d 925, 925 (Tex. 1956) (automobile accident); *Sherman v. Roe*, 262 S.W.2d 393, 395 (Tex. 1953) (airplane accident); *Males v. Sovereign Camp Woodmen of the World*, 70 S.W. 108, 108 (Fort Worth 1902, no writ) (storm). The word "common" can mean shared by two or more. MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 250 (11th ed. 2011). A disaster has been defined as a calamitous event or great misfortune. *Id*. at 355. Generally, it can be said that a common disaster is any situation where the death of two or more people arose out of the same set of circumstances.

The record shows that Melba was found dead at her home. She died of a gunshot wound inflicted by Vencie who then shot himself. He did not die immediately and was transported to a hospital where he died about two hours later. The shots were fired in one episode, which is a common disaster in spite of the fact that Vencie did not successfully kill himself immediately.

3

Accordingly, the trial court's conclusion of law that Vencie and Melba died in a common disaster is not erroneous. *See Ashcraft*, 952 S.W.2d at 910. We overrule Stephens's first issue.

**CONSTRUCTION OF THE WILLS**

In her second issue, Stephens asserts that the Simultaneous Death Act does not apply in this case. She further contends that even if it applied, the statute would not govern due to the exception in the statute, which states that if a will provides for a disposition of property that is different from the provisions of the statute, the statute will not apply. She asserts that the wills' language providing for a disposition of property in the event the couple died in a common disaster or under circumstances making it impossible to determine who died first satisfies the exception. She further argues that paragraphs 2.03, 2.04, and 2.05 provided for a different disposition of the property than the one set forth in the statute. Therefore, she asserts, the wills did not incorporate the Simultaneous Death Act.

## Applicable Law

The cardinal rule for construing a will requires that the testator's intent be ascertained by looking to the provisions of the instrument as a whole, as set forth within the four corners of the instrument. *Perfect Union Lodge No. 10 v. Interfirst Bank of San Antonio, N.A.*, 748 S.W.2d 218, 220 (Tex. 1988). The will should be construed so as to give effect to every part of it, if the language is reasonably susceptible of that construction. *Id*. Terms are to be given their plain, ordinary, and generally accepted meanings unless the instrument itself shows them to have been used in a technical or different sense. *Steger v. Muenster Drilling Co.*, 134 S.W.3d 359, 372 (Tex. App.–Fort Worth 2003, pet. denied). If possible, all parts of the will must be harmonized, and every sentence, clause, and word must be considered in ascertaining the testator's intent. *Id*.

The Simultaneous Death Act provides that a person who dies less than 120 hours after the time the decedent dies is deemed to have predeceased him and therefore cannot be a beneficiary. *See generally* Act of May 17, 1979, 66th Leg., ch. 713, § 6, 1979 Tex. Gen. Laws 1740, 1743-44 (amended 1993) (current version at Tex. Est. Code §§ 121.001-.153 (West Pamph. 2013)). However, a decedent's will can provide for a disposition of property that is different from the provisions of the Simultaneous Death Act and the statute will not apply. Act of May 17, 1979, 66th Leg., ch. 713, § 6, 1979 Tex. Gen. Laws 1740, 1744 (current version at Tex. Est. Code § 121.001 (West Pamph. 2013)).

**Analysis**

In paragraphs 2.03, 2.04, and 2.05 of each will, the testators specified that the beneficiaries' receipt of property was contingent upon the decedent's spouse failing to survive the decedent by ninety days. These provisions constitute a disposition of property that is different from the statutory requirement of survival for only 120 hours after the testator dies. Thus, the statute does not apply to those provisions. *Id*. However, paragraph 2.02 in each will provides for certain bequests if both Vencie and Melba "die in a common disaster or under circumstances making it impossible to determine which of [them] died first." This language indicates that their intent was to avoid the bequest going to one of them if they died simultaneously or almost simultaneously. This is also the intent of the statute, which prevents property from passing into the estate of a second person who is already deceased only to be distributed immediately from that estate. *See Glover v. Davis*, 366 S.W.2d 227, 231 (Tex. 1963). The Beards articulated their intent to provide for a disposition of some of their property that was different from provisions of the statute but worded paragraph 2.02 in a manner that is consistent with the Simultaneous Death Act. They could have used the same language in paragraph 2.02 as they did in the other paragraphs if they wanted the same result. The trial court did not err in its construction of the wills. We overrule Stephens's second issue.

**DISPOSITION**

The trial court properly concluded that the Beards died in a common disaster and the Simultaneous Death Act applies to paragraph 2.02 of each will.

We *affirm* the trial court's judgment in each case.

**BRIAN HOYLE**
Justice

Opinion delivered April 10, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 10, 2014

NO. 12-13-00160-CV

**ELAINE STEPHENS, INDEPENDENT EXECUTRIX OF THE
ESTATE OF VENCIE BEARD, DECEASED,**
Appellant
V.
**BRANDON SCOTT BEARD, BRIAN JAKE GILMORE, PHILIP CHASE JOHNSON,
MEGAN JOHNSON, JEREMY HOPKINS, LINDSEY BEARD,
PAMELA JOHNSON, ROLAND SCOTT BEARD,  JANET LEA HOPKINS,
INDIVIDUALLY AND AS TRUSTEE FOR
MATTHEW C. HOPKINS AND BEVERLY KAY GILMORE,**
Appellees

---

Appeal from the County Court at Law

of Houston County, Texas (Tr.Ct.No. 09136-A)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **ELAINE STEPHENS, INDEPENDENT EXECUTRIX OF THE ESTATE OF VENCIE BEARD, DECEASED**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consists of Worthen, C.J., Griffith, J., and Hoyle, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 10, 2014

NO. 12-13-00161-CV

**ELAINE STEPHENS, INDEPENDENT EXECUTRIX OF THE
ESTATE OF MELBA BEARD, DECEASED,**
Appellant
V.
**BRANDON SCOTT BEARD, BRIAN JAKE GILMORE, PHILIP CHASE JOHNSON,
MEGAN JOHNSON, JEREMY HOPKINS, LINDSEY BEARD,
PAMELA JOHNSON, ROLAND SCOTT BEARD,
JANET LEA HOPKINS, INDIVIDUALLY AND AS TRUSTEE FOR
MATTHEW C. HOPKINS, AND BEVERLY KAY GILMORE,**
Appellees

Appeal from the County Court at Law

of Houston County, Texas (Tr.Ct.No. 09137-A)

THIS CAUSE came on to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the appellant, **ELAINE STEPHENS, INDEPENDENT EXECUTRIX OF THE ESTATE OF MELBA BEARD, DECEASED**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*